UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

KARISMA MIDDLETON,

Plaintiff,

v.

207 SHERMAN ASSOCIATES, L.L.C. AND M & C LATIN FOOD CORP.,

Defendants.

-------------------------------------------------------------x

CV

COMPLAINT

JURY TRIAL REQUESTED

**COMPLAINT**

Plaintiff Karisma Middleton (hereafter referred to as "Plaintiff"), by counsel, Hanski Partners LLC, as and for the Complaint in this action against Defendants 207 Sherman Associates, L.L.C. and M & C Latin Food Corp. (together referred to as "Defendants"), hereby alleges as follows:

**NATURE OF THE CLAIMS**

1. This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the Defendants. In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages and attorney's fees, costs, and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations, the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"), the New York State Civil Rights Law, § 40 *et. seq.*, and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York ("Administrative Code").

2. As explained more fully below, Defendants own, lease, lease to, operate, and control a place of public accommodation that violates the above-mentioned laws. Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

3. These Defendants made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that they would never be caught. In so doing, Defendants made a calculated, but unlawful, decision that disabled customers are not worthy. The day has come for Defendants to accept responsibility.

4. This action seeks to right that wrong via recompensing Plaintiff and making Defendants' place of public accommodation fully accessible so that Plaintiff can finally enjoy the full and equal opportunity that Defendants provide to non-disabled customers.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.

6. This Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' place of public accommodation that is the subject of this action is located in this district.

## PARTIES

8. At all times relevant to this action, Plaintiff Karisma Middleton has been and remains currently a resident of the State and City of New York.

9. At all times relevant to this action, Plaintiff Karisma Middleton has been and remains a wheelchair user. Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

10. Defendant 207 Sherman Associates, L.L.C. owns the property located at 512 West 207th Street in New York County, New York (hereinafter referred to as "512 West 207th Street").

11. 512 West 207th Street is a six-story mixed-use building containing residential apartments and ground-floor stores.

12. At all relevant times, defendant M & C Latin Food Corp. operates a fast-food restaurant doing business as John's Fried Chicken.

13. At all relevant times, defendant M & C Latin Food Corp. operates and/or leases from defendant 207 Sherman Associates, L.L.C. property located at 512 West 207th Street in which the fast-food restaurant doing business as John's Fried Chicken is located (hereinafter referred to as the "John's Fried Chicken premises").

14. Upon information and belief, 207 Sherman Associates, L.L.C. and M & C Latin Food Corp. have a written lease agreement.

15. Each defendant is licensed to and does business in New York State.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

16. Each of the Defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the John's Fried Chicken

premises located at 512 West 207th Street, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102).

17. The John's Fried Chicken premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102) as it is a facility operated by a private entity and its operations affect commerce.

18. Numerous architectural barriers exist at the John's Fried Chicken premises that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the entrance, the dining area, the service counters, and the paths of travel.

19. Upon information and belief, at some time after January 1992, alterations were made to 512 West 207th Street, including areas adjacent and/or attached to 512 West 207th Street.

20. Upon information and belief, at some time after January 1992, alterations were made to the public entrance and the interior of the John's Fried Chicken premises, and to areas of 512 West 207th Street related to the John's Fried Chicken premises.

21. Within the past three years of filing this action, Plaintiff desired to access the John's Fried Chicken premises to order food and to also eat inside the John's Fried Chicken premises.

22. However, Plaintiff was and remains unable to access the John's Fried Chicken premises as it is not readily accessible to, or usable by Plaintiff. Specifically, the step and steep ramp at the entrance prevent Plaintiff from entering the premises.

23. Therefore, to obtain food from the John's Fried Chicken premises, Plaintiff has had to ask a stranger to order for her.




Public Entrance to the John's Fried Chicken premises

24. The services, features, elements and spaces of the John's Fried Chicken premises are not readily accessible to, or usable by Plaintiff as required by the 1991 ADA Standards for Accessible Design codified in 28 C.F.R. Part 36, Appendix D (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or in the 2010 ADA Standards for Accessible Design codified in 36 CFR part 1191 Appendices B and D and 28 CFR part 36 subpart D (hereinafter referred to as the "2010 Standards" or the "2010 ADA").

25. Because of Defendants' failure to comply with the above-mentioned laws, including but not limited to the NYSHRL, NYCHRL, 1991 Standards or the 2010

Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to all of the areas of the John's Fried Chicken premises that are open and available to the public.

26. Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the 1968 New York City Building Code, Administrative Code, Title 27 ("1968 BC"), including the 1968 BC Reference Standard ANSI 117.1-1986 ("1968 Ref Std"), the 2008 New York City Building Code ("2008 BC") including the 2008 BC Reference Standard ICC/ANSI 117.1 2003 ("2008 Ref Std"), the 2014 New York City Building Code ("2014 BC") including the 2014 BC Reference Standard ICC/ANSI 117.1 2009 ("2014/2022 Ref Std") and the 2022 New York City Building Code ("2022 BC") including the 2014/2022 Ref Std.

27. Barriers to access that Plaintiff encountered and/or which deter Plaintiff from patronizing the John's Fried Chicken premises as well as architectural barriers that exist include, but are not limited to, the following:

I. An accessible route is not provided from the public sidewalk to the public entrance of the John's Fried Chicken premises.
*Defendants fail to provide that at least one accessible route shall be provided within the site from public streets and sidewalks to the accessible building or facility entrance they serve. See 1991 ADA § 4.1.2(1); 2010 ADA § 206.2.1; 1968 BC§ 27-292.5(b); 2008 BC § 1104.1; 2014 BC § 1104.1; and 2022 BC § 1104.1.*

II. There is a step at the exterior side of the public entrance door of the John's Fried Chicken premises which has a change in level greater than ½ inch high.
*Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be overcome with a ramp, elevator, or platform lift. See 1991 ADA § 4.3.8; and 1968 Ref Std § 4.3.8.*
*Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be ramped. See 2010 ADA § 303.4; 2008 Ref Std § 303.3; and 2014/2022 Ref Std § 303.4.*

III. The step at the exterior side of the public entrance door of the John's Fried Chicken premises lacks handrails.
*Defendants fail to provide handrails on both sides of the stairs. See 1991 ADA § 4.9.4; 2010 ADA § 505.2; 1968 Ref Std § 4.9.4; 2008 Ref. Std § 505.2; and 2014/2022 Ref. Std § 505.2.*

IV. The running slope of the ramp from the sidewalk to the public entrance door of the John's Fried Chicken premises is too steep as it exceeds 8.33% (1:12).
*Defendants fail to provide that ramp runs shall have a running slope not steeper than 1:12. See 1991 ADA § 4.8.2; 2010 ADA § 405.2; 1968 Ref Std § 4.8.2; 2008 Ref Std § 405.2; and 2014/2022 Ref Std § 405.2.*

V. The ramp from the sidewalk to the public entrance of the John's Fried Chicken premises lacks handrails.
*Defendants fail to provide handrails on both sides of the ramps. See 1991 ADA §4.8.5; 2010 ADA §405.8; 1968 Ref Std § 4.8.5; 2008 Ref. Std §505.2; and 2014/2022 Ref. Std § 505.2.*

VI. The ramp at the public entrance to the John's Fried Chicken premises lacks a top landing of at least 60 inches in length.
*Defendants fail to provide a landing clear length of at least 60 inches (1525 mm) long minimum. See 1991 ADA § 4.8.4; 2010 ADA § 405.7.3; 1968 Ref Std § 4.8.4; 2008 Ref. Std § 405.7.3; and 2014/2022 Ref. Std § 405.7.3.*

VII. The public/primary entrance of the John's Fried Chicken premises is not accessible.
*Defendants fail to provide that at least 50% of all its public entrances are accessible. See 1991 ADA § 4.1.3(8)(a)(i).*
*Defendants fail to provide that at least 60% of all its public entrances are accessible. See 2010 ADA § 206.4.1.*
*Defendants fail to provide that primary entrances are accessible. See 1968 BC § 27-292.5(a).*
*Defendants fail to provide that all of its public entrances are accessible. See 2008 BC § 1105.1; 2014 BC § 1105.1; and 2022 BC § 1105.1.*

VIII. No signage identifies an accessible public entrance to the John's Fried Chicken premises (to the extent Defendants claim they provide an accessible public entrance).
*Defendants fail to display signage (marked with the International Symbol of Accessibility or otherwise) that identifies an accessible entrance. See 1991 ADA §§ 4.1.2(7)(c); 4.1.3(8)(d); and 4.1.6(1)(h); 2010 ADA § 216.6; 1968 BC § 27- 292.18; 2008 BC § 1110; 2014 BC §§ 1101.3.4 and 1110; and 2022 BC §§ 1101.3.4 and 1111.*

IX. There is no directional signage at the inaccessible public entrance to the John's Fried Chicken premises that indicates the location of an accessible entrance to the John's Fried Chicken premises (to the extent Defendants claim they provide an accessible entrance).
*Defendants do not provide and display signage at the inaccessible public entrance (marked with the International Symbol of Accessibility or otherwise) that indicates the location of an accessible entrance. See 1991 ADA §§ 4.1.6(1)(h) and 4.1.3(8)(d); and 2010 ADA § 216.6.*
*Defendants fail to provide directional signage at necessary locations. See 1968 BC § 27-292.18(b).*
*Defendants fail to provide directional signage by the inaccessible entrance indicating the route to the nearest accessible entrance. See 2008 BC § 1110.2; 2014 BC §§ 1101.3.3; and 1110.2; and 2022 BC §§ 1101.3.3; and 1111.2.*

X. Maneuvering clearances for pulling open the public entrance door to the John's Fried Chicken premises is not provided due to the step and steep ramp.
*Defendants fail to provide that floor or ground surface within required maneuvering clearances at doors shall have slopes not steeper than 1:48 (2.0%) and changes in level are not permitted. 60 inches perpendicular to the door for 18 inches parallel to the door beyond the latch is required for a forward approach to the pull side of a door, or 54 inches perpendicular to the door for 24 inches parallel to the door beyond the latch is required for a latch approach to the pull side of a door. See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref Std § 404.2.3; and 2014/2022 Ref Std § 404.2.3.*

XI. The service counter at the John's Fried Chicken premises is more than 36 inches high above the finish floor.
*Defendants fail to provide that an accessible portion of the (sales or service) counter surface is 36 inches long minimum and 36 inches high maximum above the finish floor with a clear floor or ground space positioned for a parallel approach adjacent to the accessible portion of the counter. See 1991 ADA § 7.2; 2010 ADA § 904.4.1; 1968 BC § 27-292.1; 2008 Ref Std § 904.3.1; and 2014/2022 Ref Std § 904.3.1.*

XII. Defendants fail to provide accessible dining surfaces for the John's Fried Chicken premises.
*Defendants fail to provide that at least 10% of the dining surfaces provided to customers are accessible. See 2022 BC §§ 1108.2.9.1 and 1109.11.*
*Defendants fail to provide that at least 5% of the dining surfaces provided to customers are accessible. See 1991 ADA § 5.1; 2010 ADA § 226.1; 1968 BC § 27-292.10(a)(3); 2008 BC § 1109.11; and 2014 BC § 1109.10.*

XIII. Accessible dining surfaces are not identified by the International Symbol of Accessibility (to the extent Defendants claim they provide accessible table(s)).
*Defendants fail to provide that accessible seating shall be identified by the International Symbol of Accessibility. See 2008 BC § 1110.1(9); 2014 BC § 1110.1(11); and 2022 BC § 1111.1(12).*

XIV. The tables at the John's Fried Chicken premises exceed 34 inches in height.
*The tops of accessible dining surfaces shall be 28 inches minimum and 34 inches maximum above the finish floor. See 1991 ADA § 4.32.4; 2010 ADA § 902.3; 1968 Ref Std § 4.30.4; 2008 Ref Std § 902.3; and 2014/2022 Ref Std § 902.4.*

XV. The storefront window dining counter at the John's Fried Chicken premises does not provide sufficient knee and toe clearance to permit wheelchair users to position themselves beneath and use the dining surface.
*Accessible dining counters shall provide clear floor space for a forward approach, with knee clearance at least 27 inches high, 30 inches wide and a minimum clearance depth of 19 inches beneath the dining surface. See 1991 ADA §§ 4.32.2 and 4.32.3; and 1968 Ref Std §§ 4.30.2 and 4.30.3.*
*Accessible dining counters shall provide clear floor space for a forward approach, with knee and toe clearance at least 30 inches wide and a minimum toe clearance depth of 17 inches beneath the dining surface with knee clearance at least 27 inches high. See 2010 ADA §§ 902.2, 306.2 and 306.3; 2008 Ref Std §§ 902.2, 306.2 and 306.3; and 2014/2022 Ref Std §§ 902.2, 306.2 and 306.3.*

XVI. Maneuvering clearances for pushing open the public entrance door to exit the John's Fried Chicken premises is not provided due to a pole and the opposing counter.
*Defendants fail to provide minimum maneuvering clearances of 48 inches perpendicular to the door for a forward approach to the push side of a door. See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref Std § 404.2.3; and 2014/2022 Ref Std § 404.2.3.*

XVII. The public entrance, which is also an exit, is not accessible for the reasons described above.
*Defendants fail to provide accessible means of egress in the number required by the code. See 1991 ADA § 4.1.3(9); 2010 ADA § 207.1; 1968 BC §§ 27-292.1 and 27-357(d); 2008 BC § 1007.1; and 2014 BC § 1007.1.*

28. Plaintiff either personally encountered or has knowledge of such barriers to access.

29. Upon information and belief, a full inspection of the John's Fried Chicken premises will reveal the existence of other barriers to access.

30. To ensure Defendants properly remedy their discriminatory violations and to avoid piecemeal litigation, Plaintiff requires a full inspection of the John's Fried Chicken premises in order to catalogue all of the areas of non-compliance with the ADA, NYSHRL and NYCHRL. Notice is therefore given that Plaintiff intends on amending the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

31. Defendants have denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

32. Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have Defendants made or provided accommodations or modifications to persons with disabilities.

33. Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within the John's Fried Chicken premises continue to exist and deter Plaintiff.

34. The John's Fried Chicken premises is located on West 207th Street in the Inwood neighborhood of Manhattan.

35. West 207th Street in the area of the John's Fried Chicken premises is a busy commercial corridor lined with shops, restaurants, and other businesses that serve the surrounding residential neighborhood.

36. Plaintiff lives in the same neighborhood as the John's Fried Chicken premises, less than a ten-minute trip by wheelchair.

37. Plaintiff frequently travels to the area where the John's Fried Chicken premises is located to shop.

38. Plaintiff shops on the West 207th Street commercial corridor at least once a week.

39. Shops that Plaintiff patronizes on the West 207th Street commercial corridor include VIM, Forever Beauty Supply, New Moon River Wine & Liquors and Dan’s Supermarket.

40. Plaintiff passes by the John's Fried Chicken premises when she shops on the West 207th Street commercial corridor.

41. John's Fried Chicken premises is a counter-service restaurant that offers fried chicken and Dominican dishes.

42. Plaintiff desires to patronize the John's Fried Chicken premises because she likes the food served at the John's Fried Chicken premises.

43. Plaintiff has eaten food from the John's Fried Chicken premises ten to fifteen times, with the most recent time being on or about March 2026.

44. Some of the dishes Plaintiff has had and liked from the John's Fried Chicken premises are the Rotisserie Bundle, the Fried Chicken Combo and the a la carte fried chicken.

45. While Plaintiff enjoys the food from the John's Fried Chicken premises she does not enjoy being treated as inferior to other patrons based on disability.

46. The exterior side of the public entrance to the John's Fried Chicken premises has a step and steep ramp.

47. Plaintiff is unable to overcome a steep ramp and a stepped entry with her wheelchair.

48. If Plaintiff were to attempt to overcome the architectural barriers at the public entrance to the John's Fried Chicken premises, she would put herself at risk of tipping over and injuring herself.

49. So, when Plaintiff has ordered food from the John's Fried Chicken premises, she has had to rely on the kindness and honesty of strangers.

50. When Plaintiff has ordered food from the John's Fried Chicken premises, she would ask a pedestrian on the street or a customer entering the John’s Fried Chicken premises to order the food for her.

51. Being forced to surmount the architectural barriers to access at the public entrance to the John's Fried Chicken premises, such as the steep ramp and step, deters Plaintiff from returning more frequently to the John's Fried Chicken premises and having its food which she enjoys.

52. Being forced to rely on the kindness of strangers to order food from the John's Fried Chicken premises deters Plaintiff from returning more frequently to the John's Fried Chicken premises and having its food which she enjoys.

53. Plaintiff does not want to have to rely on other people to order the food she likes from the John's Fried Chicken premises.

54. Plaintiff does not want to have to wait outside in the elements for her food and then wait until she gets home to eat her food while non-disabled patrons of the John's Fried Chicken premises are able to enter and dine within.

55. Plaintiff does not want to have to order online or by telephone.

56. As an adult, Plaintiff wants to be independent and be able to enter the John's Fried Chicken premises and order the food she likes from the John's Fried Chicken premises by herself.

57. Plaintiff wants the option and ability to enter the John's Fried Chicken premises spontaneously and dine within.

58. Being forced to rely on strangers to order for her makes Plaintiff feel like a little kid.

59. Being forced to rely on strangers to order for her makes Plaintiff feel vulnerable.

60. Being forced to rely on strangers to order for her makes Plaintiff feel angry.

61. Being treated as inferior to other patrons based on disability deters Plaintiff from returning more frequently to the John's Fried Chicken premises and having its food which she enjoys.

62. By maintaining the architectural barriers at the John's Fried Chicken premises, Defendants deny Plaintiff equal opportunity to enjoy the John's Fried Chicken premises.

63. As Plaintiff enjoys the food served at the John's Fried Chicken premises, after Defendants remediate the John's Fried Chicken premises to comply with the 2010

Standards and the architectural accessibility requirements of the Administrative Code, Plaintiff will enjoy having equal access to the John's Fried Chicken premises free from the discrimination that she currently suffers when trying to obtain food from the John's Fried Chicken premises.

64. As Plaintiff enjoys the food served at the John's Fried Chicken premises, after Defendants remediate the John's Fried Chicken premises to comply with the 2010 Standards and the architectural accessibility requirements of the Administrative Code, Plaintiff intends to patronize the John's Fried Chicken premises on a more frequent basis.

65. Plaintiff continues to suffer an injury due to Defendants maintenance of architectural barriers at the John's Fried Chicken premises. This is because Plaintiff desires to patronize the John's Fried Chicken premises but Defendants deny Plaintiff the opportunity to do so based on disability because they maintain architectural barriers at the John's Fried Chicken premises.

66. Defendants discriminate against Plaintiff in violation of the ADA, the NYSHRL and the NYCHRL as they created, maintain and have failed to remove architectural barriers to wheelchair access at the John's Fried Chicken premises.

**FIRST CAUSE OF ACTION**
**(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

67. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

68. Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA. As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

69. The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation. 28 C.F.R. 36.201(b).

70. Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract (*i.e.* lease agreement). 28 C.F.R. 36.201(b).

71. Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is disabled. Defendants' policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

72. By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

73. The John's Fried Chicken premises is not fully accessible and fails to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

74. Defendants failed to make alterations accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

75. The paths of travel to the altered primary function areas were not made accessible in violation of 28 C.F.R. § 36.403.

76. Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make Defendants' place of public accommodation fully accessible.

77. By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

78. In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

79. Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

80. Defendants have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

## SECOND CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

81. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

82. Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range. Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 292(21).

83. In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the

provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

84. By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

85. Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

86. Defendants discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation. Each of the Defendants have aided and abetted others in committing disability discrimination.

87. Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

88. In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(v)).

89. It would be readily achievable to make Defendants' place of public accommodation fully accessible.

90. It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

91. As a direct and proximate result of Defendants' unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

92. Plaintiff experiences humiliation each time she passes the John's Fried Chicken premises while shopping in the neighborhood, and recalls the discriminatory treatment she endured due to the architectural barriers at the John's Fried Chicken premises.

93. Plaintiff experiences humiliation each time she patronizes the John's Fried Chicken premises, as she is confronted with the discriminatory treatment due to the architectural barriers at the John's Fried Chicken premises.

94. Plaintiff feels stress and anxiety knowing that due to disability Defendants deny her full and equal use of the restaurant which they make readily accessible to non-disabled individuals.

95. Defendants' conduct has deprived Plaintiff of the dignity and equal treatment guaranteed by the NYSHRL.

96. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)**

97. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

98. Plaintiff suffers from various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking

and body motion range -and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102).

99. The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the NYCHRL. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the NYCHRL and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 of the NYCHRL (emphasis added). The Restoration Act is to be construed broadly in favor of Plaintiff to the fullest extent possible. See also New York City Local Law 35 of 2016.

100. Defendants have and continue to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)). Each of the Defendants have aided and abetted others in committing disability discrimination.

101. Defendants have and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

102. Defendants have and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the New York City Building Code as alleged herein.

103. Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating and/or maintaining an inaccessible commercial facility/space.

104. Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

105. Defendants' policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107 (4)).

106. Defendants' failure to provide reasonable accommodations for persons with disabilities, inclusive of Defendants' failure to remove the barriers to access identified herein, and their consequent denial of equal opportunity to Plaintiff, constitutes an ongoing continuous pattern and practice of disability discrimination in violation of NYCHRL (Administrative Code §§ 8-107(4) and 8-107(15)).

107. In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendants have and continue to, aid and abet, incite, compel, or coerce each other in each of the other Defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and

privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

108. Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk. As a result, 207 Sherman Associates, L.L.C. continuously controlled, managed, and operated the public sidewalk abutting 512 West 207th Street, which includes the portion of the sidewalk constituting the entrance to Defendants' place of public accommodation.

109. 207 Sherman Associates, L.L.C.'s failure to construct and maintain an accessible entrance from the public sidewalk to Defendants' place of public accommodation constitutes disability discrimination in a violation of the Administrative Code.

110. Defendants discriminated against Plaintiff in violation of the NYCHRL (Administrative Code, § 8-107(4)) by maintaining and/or creating an inaccessible public accommodation.

111. Defendants' conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

112. Because Defendants' public accommodation is not readily accessible and usable by people with disabilities, Defendants have demonstrated a policy or practice that has a disproportionately negative impact on the disabled (including Plaintiff).

113. Defendants' conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' public accommodation.

114. As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

115. Plaintiff experiences humiliation each time she passes the John's Fried Chicken premises while shopping in the neighborhood, and recalls the discriminatory treatment she endured due to the architectural barriers at the John's Fried Chicken premises.

116. Plaintiff experiences humiliation each time she patronizes the John's Fried Chicken premises, as she is confronted with the discriminatory treatment due to the architectural barriers at the John's Fried Chicken premises.

117. Plaintiff feels stress and anxiety knowing that due to disability Defendants deny her full and equal use of the restaurant which they make readily accessible to non-disabled individuals.

118. Defendants' conduct has deprived Plaintiff of the dignity and equal treatment guaranteed by the NYCHRL.

119. Upon information and belief, Defendants knew or should have known of the excessively steep ramp and step at the public entrance to the John's Fried Chicken premises. The excessively steep ramp and step are open and obvious, and a publicly

available online listing for the John's Fried Chicken premises on Restaurantji states: "Accessibility can be a challenge, as there is a big step up into the restaurant, which may require assistance." (https://www.restaurantji.com/ny/new-york/johns-fried-chicken-/ last accessed on October 21, 2026.)

120. Defendants nevertheless continued to operate the premises without removing the barrier.

121. Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

122. By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

123. Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

124. By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space. Defendants' unlawful profits plus interest must be disgorged.

125. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)**

126. Plaintiff realleges and incorporates by reference all allegations previously set forth in this Complaint as if fully set forth herein.

127. As set forth in Plaintiff's Second Cause of Action, Plaintiff is an individual with a disability pursuant to Executive Law § 292(21).

128. As set forth in Plaintiff's Second Cause of Action. Defendants discriminated against Plaintiff because of disability in violation of the NYSHRL.

129. As set forth in Plaintiff's Second Cause of Action, Defendants continue to subject Plaintiff to discrimination because of disability in violation of the NYSHRL.

130. Defendants violated and continue to violate Civil Rights Law § 40-c by subjecting Plaintiff to discrimination in violation of the NYSHRL.

131. Plaintiff, the individual subjected to discrimination by Defendants, is a "person aggrieved" pursuant to Civil Rights Law § 40-d.

132. An entity that violates Civil Rights Law § 40-c is liable for a penalty of not less than one hundred ($100) dollars nor more than five hundred ($500) dollars, for each and every violation of section 40-c. Civil Rights Law § 40-d.

133. The penalty for each and every violation of section 40-c is recoverable by Plaintiff, as the person aggrieved.

134. Each time Plaintiff patronized or desired to patronize Defendants' establishment and was subjected to or deterred by the John's Fried Chicken premises’

inaccessibility constitutes a separate violation of the NYSHRL and Civil Rights Law § 40-c.

135. Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law § 40-d for each and every violation of Civil Rights Law § 40-c.

136. Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

137. Plaintiff will continue to experience unlawful discrimination as a result of Defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

138. Injunctive relief is also necessary to make Defendants' facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

139. Injunctive relief is further necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A. Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, the NYSHRL, and the NYCHRL and declaring

the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

B. Issue a permanent injunction ordering **Defendants to close and cease all business** until Defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, the NYSHRL, and the NYCHRL, including but not limited to the violations set forth above;

C. Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur and to enforce the terms of the injunction, including by awarding post-injunction fees and expenses;

D. Award Plaintiff compensatory damages as a result of Defendants' violations of the NYSHRL and the NYCHRL;

E. Award Plaintiff punitive damages in order to punish and deter the Defendants for their violations of the NYCHRL;

F. Award Plaintiff the monetary penalties for each and every violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G. Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYSHRL and the NYCHRL;

H. Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the ADA;

I. Award Plaintiff reasonable attorney's fees, costs, and expenses incurred after entry of the injunction or judgment in monitoring, verifying, and enforcing

Defendants' compliance, in an amount to be determined upon application to the Court; and

J. For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: October 29, 2026

Respectfully submitted,

**HANSKI PARTNERS LLC**

By: /s/ Robert G. Hanski
Robert G. Hanski, Esq.
*Attorneys for Plaintiff*
4 International Drive, Suite 110
Rye Brook, NY 10573
Telephone: (212) 248-7400
Email: rgh@disabilityrightsny.com